IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DANTE FOSTER,

    Defendant.

CRIMINAL NO.: WDQ-12-0319

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

On November 29, 2012, a jury convicted Dante Foster[1] of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 45. On February 5, 2013, Foster moved *pro se* to appoint investigative and expert services. ECF No. 50. On February 27, 2013, Foster moved *pro se* for a detention hearing. ECF No. 52. On April 29, 2013, Foster moved *pro se* to "dismiss," under Federal Rule of Criminal Procedure 34, for lack of jurisdiction. ECF No. 57. On May 6, 2013, the Government opposed Foster's motion to dismiss. ECF No. 58.

Under Rule 34(a), a court must arrest judgment if the indictment or information does not charge an offense, or the

---

[1] Also known as "Donte Foster."

court lacks jurisdiction over the offense charged. Under Rule 34(b), a defendant must move to arrest judgment within 14 days after the court accepts a guilty verdict. A Rule 34 motion's untimeliness divests the court of jurisdiction to rule on the motion. See *Massicot v. United States*, 254 F.2d 58, 61 (5th Cir. 1958). Because Foster's Rule 34 motion was filed almost three months after the Court accepted the jury's November 29, 2012 guilty verdict, the motion is untimely. Foster did not obtain an extension of the 14-day deadline; nor has he shown that the motion's untimeliness resulted from excusable neglect. See Fed. R. Crim. P. 45(b)(1).

However, because Foster filed his motion *pro se*, the Court "ha[s] a duty to liberally construe [his] assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base." *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (internal quotation marks omitted). Foster argues that the Court lacks jurisdiction over the "original offense" and "subject matter," because the stop and arrest that precipitated the criminal complaint and indictment violated state law[2] and did not occur in a "federal

---

[2] On December 14, 2011, Baltimore City detectives stopped Foster's car in Baltimore County after observing a traffic violation. Nov. 26, 2012 Evidentiary Hearing ("Hr'g"). The officers saw marijuana in plain view in the center console's cup holder, and arrested Foster. *Id.* A search of the car revealed

2

zone." ECF No. 57. Thus, his motion may be liberally construed as a Rule 12(b)(3)(B) motion alleging a defect in the indictment.[3] So construed, the motion nevertheless fails on the merits.

Foster principally argues that the stop and arrest were "illegal" because they were effectuated by Baltimore City officers in Baltimore County. ECF No. 57 at 1-6. The Government contends that the stop and arrest were legal under the doctrine of "fresh pursuit." ECF No. 58 at 4. As a general matter, Maryland law prohibits local police officers from making arrests outside of the political subdivision by which the officers are employed. *Seip v. State*, 835 A.2d 187, 190-91 (Md. 2002); *see also* Md. Code Ann., Crim. Proc. § 2-102(b). "Fresh pursuit"[4] is an exception to this general rule. The doctrine "allows an officer to pursue and arrest a person outside of the officer's jurisdiction, without a warrant, for misdemeanors committed in the officer's presence within a reasonable time after commission of the crime." *Seip*, 835 A.2d at 189. Because Baltimore City detectives observed Foster commit a traffic

---

the presence of marijuana, cocaine, and a handgun. *Id.* For a more detailed factual background, see ECF No. 39.

[3] Under Rule 12(b)(3)(B), "at any time while the case is pending," the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.

[4] Codified at Md. Code Ann., Crim. Proc. § 2-301.

3

offense in Baltimore City, and stopped him only minutes later—albeit in Baltimore County--the stop was lawful. *See* Hr'g; *see also Seip*, 835 A.2d at 192.[5] Foster is not entitled to relief on this ground.

Foster's second argument--that the Court lacks "territorial" jurisdiction over the location of the alleged criminal activity--is also meritless. ECF No. 57 at 7-15. The U.S. Supreme Court and the Fourth Circuit have repeatedly held that 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1) are valid exercises of Congress's enumerated powers. *See, e.g., Gonzalez v. Raich*, 545 U.S. 1, 25-26 (2005); *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995). 18 U.S.C. § 3231 grants the federal district courts "[exclusive] original jurisdiction . . . of all offenses against the United States." An indictment charging a defendant with an offense against the United States

---

[5] Even if Foster's stop and arrest violated Maryland law, such violations are irrelevant for Fourth Amendment purposes. *See Virginia v. Moore*, 553 U.S. 164, 178 (2008) (a police officer does not violate the Fourth Amendment by making an arrest based on probable cause but prohibited by state law, because "it is not the province of the Fourth Amendment to enforce state law"); *United States v. Van Metre*, 150 F.3d 339, 347 (4th Cir. 1998) (that an arrest may have violated state law is "irrelevant" in evaluating a motion to suppress). As the Court previously explained, probable cause existed to stop Foster's car, and to arrest him. ECF No. 39 at 13-16. The Fourth Amendment does not require more. *Moore*, 553 U.S. at 178.

confers subject matter jurisdiction on the district court. *United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002).[6]

Accordingly, it is, this 9th day of May 2013, ORDERED that:

1. The Defendant's *pro se* motion to appoint investigative and expert services (ECF No. 50) BE, and HEREBY IS, DENIED as moot;

2. The Defendant's *pro se* motion for a detention hearing (ECF No. 52) BE, and HEREBY IS, DENIED as moot;

3. The Defendant's *pro se* motion to dismiss for lack of jurisdiction (ECF No. 57) BE, and HEREBY IS, DENIED; and

4. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to the parties.

                                                  William D. Quarles, Jr.
                                                  United States District Judge

---

[6] Foster appears to rely on 28 U.S.C. § 1359 ("Parties collusively joined or made"). *See* ECF No. 57 at 1. That statute governs the district courts' jurisdiction in civil cases, and has no application here.

    As stated above, Foster also asks the Court to grant him assistance of investigative and expert services, because "with this legal arsenal, the outcome of the case would have been totally different." ECF No. 50 at 1. "In plus, this service [would] still [be] helpful if granted." *Id.* Foster further seeks a detention hearing, so that he can ask the Court for self surrender "to provide a better living arrangement" for his daughter. ECF No. 52 at 1-2. Because Foster is scheduled for sentencing today, both motions will be denied as moot.